The presiding Judge (Trezevant)
charged the jury in favour of the plaintiff, who accordingly found a verdict for the amount of the note with interest. The present was therefore a motion for a new trial, on the ground of misdirection, &c.
After hearing arguments for and against this motion, the judges were unanimously of opinion, that the want of a formal protest by the notary in this case, was no bar to the plaintiff’s recovery against the endorsor. A protest does not raise any new debt, or create any further responsibility on the parties to a bill, or note ; but only serves to give formal notice, that a bill or note is not duly accepted or paid., *376 This protest by the common law is absolutely necessary'em every foreign bill of exchange ; but it is not necessary on any inland bill of exchange, either by the 'common law, or by any statute of force in this country, unless to entitle the party to interest and damages. Cunn. on Bills, 17. 55. 66. As long as a note of hand remains in its original state, without endorsement, it bears no similitude to an' inland bill of exchange ; but the moment it is endorsed to a third person, the similitude begins ; and then the maker of a note is in the same situation as the drawer of an inland bill of exchange, and the person endorsing it as an endorsor on such bill. Cunn. 72. But although no formal protest is necessary to charge the endorsor on such note, yet convenient and reasonable notice ought to be given him, that the-drawer had not paid the bill, or a demand made on him on that account, before any action can be made against such endorsor. Cunn. 54. 72.
In the present case it does appear, that Mr. Reid\ the notary, in whose hands the note was placed by the officers of the bank, or holder, did give the defendant this due notice, that this note was not paid by the drawer within the three days of grace, allowed by the bank for payment of notes after they become due; so that there appears to have been that convenient and reasonable notice here which the law requires. With respect to the registering up of notes in the bank, so as to affect the credit of the drawer, that seems to be a' private regulation of the bank, for the government of the officers of the bank ; but it forms no part of the law of merchants, in regard to endorsors on bills or notes. And as to Cavers paying off two notes afterwards, without taking up this one, that was a matter between him and the other holders or endorsors, over which the present plaintiff had no «ontrol. He could ,not force him, or compel him to make the payment unless he pleased; All that he could do on the occasion, was to give the defendant due notice of the failure of the drawer, and that has been done. And if the defend» *377 aht has been damnified by the failure of the drawer, that was his misfortune, not the fault of the holder of the note.
Motion for new trial refused, and rule discharged.
Present, GuiMKE, Waties, Bay, Johnson, Trezevant and Brevard.